**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NICOLE NAZARIO,

Plaintiff,

v. CASE NO.:

TRU' HOME CARE LP,
TRU HOME CARE LLC,
and TERESA EDGE,

Defendants.
______________________________________/

**FLSA COMPLAINT FOR OVERTIME WAGES**

Plaintiff, NICOLE NAZARIO ("Plaintiff") herein sues Defendants TRU' HOME CARE LP ("Tru Home Care LP"), TRU HOME CARE LLC ("Tru Home Care LLC") and TERESA EDGE ("Edge") (collectively, "Defendants"), pursuant to 29 U.S.C. § 201 *et seq*. of the Fair Labor Standards Act (the "FLSA") and states as follows:

**RECITATION OF FACTS**

1. Plaintiff performed work for Defendants and was misclassified as an independent contractor.

2. Defendants have engaged in a willful scheme to avoid its pay obligations under the FLSA in order to save millions of dollars in labor costs and increase profits.

3. Defendants did not compensate Plaintiff on a salary basis.

4. Defendants compensated Plaintiff on an hourly rate basis.

5. To avoid its obligations under the FLSA, Defendants willfully misclassified Plaintiff as an independent contractor. As a result of this misclassification, Defendants did not fully compensate Plaintiff for hours worked over 40 in all work weeks.

6. The Parties did not enter into an independent contractor agreement.

7. Defendants were Plaintiff's sole employer and source of income, Defendants directed and controlled the work of Plaintiff, set her compensation, set her schedule, and dictated all conditions of work, such that she was in fact and reality an employee of Defendants.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b).

9. This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

10. This Court has personal jurisdiction over the Defendants as it transacts business in this District, specifically Polk County, Florida.

11. Venue is proper to this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred within this District.

12. The overtime wage provisions set forth in FLSA § 207 apply to Defendants, as Defendants were employers engaged in interstate commerce under the definition of the FLSA. At all relevant times, Defendants engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203 as a common business enterprise. Additionally, Defendants earned more than $500,000 in revenue during the previous three years as well.

## PARTIES

### Plaintiff:

13. Plaintiff is currently a resident of and domiciled in Pasco County, Florida.

14. Plaintiff worked for Defendants remotely from her home starting in June 2023: first in her home in Moultrie, Georgia, and then beginning July 2025, in her home in Pasco County, Florida.

15. Plaintiff was compensated by Defendants on an hourly rate basis.

16. At all times relevant to this action, Plaintiff was in reality an employee of Defendants and the work and relationship between the Parties fails to meet the definition of an independent contractor under the FLSA.

17. Throughout the period of time Plaintiff performed work on behalf of Defendants, she routinely worked in excess of 40 hours per week.

18. Despite the economic reality of the relationship, Defendants willfully failed to pay Plaintiff her full overtime compensation for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

**Defendants**

19. Defendant Tru' Home Care LP, is a Georgia Limited Partnership with a principal office located at 1315 S Main St, Suite A, Moultrie, GA, 31768 and may be served through its designated registered agent, Teresa Edge at 1315 S Main St, Suite A, Moultrie, GA, 31768.

20. Defendant Tru' Home Care LP provides in-home care services for the elderly and disabled throughout Southern Georgia and in Polk County, Florida.

21. Defendant Tru Home Care LLC is a Florida Limited Liability Company with a principal address of 110 Spirit Lake Rd, Suite 4, Winter Haven, FL 33880 and may be served through its designated registered agent, Teresa Edge at 3612 Harwell Pl, Tallahassee, FL 32303.

22. Defendant Teresa Edge is a General Partner of Defendant Tru Home Care LP

23. Defendant Teresa Edge is a Manager of Defendant Tru Home Care LLC.

24. Defendant Teresa Edge may be served at 104 Twin Lakes Drive, Moultrie, GA, 31768.

25. Defendant Edge managed the day-to-day operations of Defendants Tru Home Care LP and Tru Home Care LLC and created the unlawful pay scheme complained of herein.

26. At the direction of Edge, Tru Home Care LP and Tru Home Care LLC commingled funds, shared policies, procedures, and pay practices such that they are essentially the alter-ego of each other, a single business enterprise and joint employers.

27. At all times material, Plaintiff performed work for Defendants jointly and was subject to a single set of company policies and procedures. Further, Plaintiff's work was directed by managers/officers who concurrently and simultaneously managed the businesses and directed her work.

28. Defendants have more than 100 employees.

29. At all times material hereto, Defendants were jointly an "employer" who "employed" Plaintiff within the meaning of the FLSA in that Defendants permitted or suffered Plaintiff to work.

## STATEMENT OF GENERAL FACTS

30. Plaintiff worked for Defendants under the title of Director of Support Services/Executive Assistant from June 2023 to April 24, 2026.

31. During this time, Defendants misclassified Plaintiff as an independent contractor.

32. Plaintiff regularly worked in excess of forty (40) hours within a work week without the full payment of her rightful overtime compensation.

33. Defendants primarily paid Plaintiff $17.50 per hour.

34. For a brief period, Defendants gave Plaintiff a temporary raise to $18.25 per hour.

35. Every two (2) weeks, Defendants paid Plaintiff approximately $1,400; which is equal to $17.50 per hour times 80 hours. This payment was Defendants paying Plaintiff for the first 40 hours of work per week, at Plaintiff's straight time hourly rate.

36. However, there were also bi-weekly pay periods where Defendants paid Plaintiff in the amounts of $1,390, $1,360, and $1,330.

37. In the weeks when Defendants did not pay Plaintiff her bi-weekly compensation, Defendants would also make an additional bi-weekly payment to Plaintiff of $700, which equals 40 hours times $17.50 per hour. This payment was to compensate Plaintiff for the *first* 20 hours of overtime worked per week and was paid at Plaintiff's straight time (1.0x) hourly rate. Thus, for these hours, Plaintiff is owed her half-time (0.5x) overtime premium rate.

38. Additionally, Plaintiff was still not compensated for all of the overtime

hours she worked.

39. Defendants set Plaintiff's schedule as follows:

a. Monday through Friday, from 8 am to 5 pm; or 5 days per week times 9 hours equals 45 hours per week;

b. Monday through Friday, from 7 pm to 11 pm; or 5 days per week times 4 hours equals 20 hours per week;

c. Saturday and Sunday, from 8 am to 12 pm, or 2 days per week times 4 hours equals 8 hours per week.

40. The above schedule that was set by Defendants equates to a 73 hour (45 + 20 + 8) per week schedule.

41. Plaintiff regularly worked the above set schedule.

42. Plaintiff regularly worked through her lunch breaks.

43. In addition to the above set schedule, Defendants required Plaintiff to be on call and respond to work phone calls and messages, regardless of whether this was during the hours of Plaintiff's set schedule. Plaintiff responded to these calls and messages outside of her set schedule, which resulted in additional overtime hours worked.

44. Defendants knew or should have known that Plaintiff should have been properly classified as an employee, not an independent contractor, because:

a. Plaintiff and Defendants did not enter into an independent

contractor agreement;

b. Defendants set Plaintiff's schedule and dictated when Plaintiff would work;

c. Defendants paid Plaintiff directly and not to a company owned or controlled by Plaintiff;

d. Defendants provided to Plaintiff the equipment necessary for Plaintiff to perform work for Defendants, such as a laptop computer, printer, printer ink, paper, etc.;

e. Plaintiff's work performance was closely monitored, controlled, and supervised by Defendants;

f. Defendants reimbursed the travel expenses incurred by Plaintiff;

g. There was no agreement between Plaintiff and Defendants that Plaintiff's work for Defendants was for a finite or defined period of time;

h. Plaintiff was required to request time off from work in advance from Defendants;

i. Plaintiff could not delegate her work to other persons or hire her own contractors or employees to complete the work Defendants assigned to Plaintiff;

j. During the period Plaintiff worked for Defendants, Defendants

were Plaintiff's only employer;

k. During the period Plaintiff worked for Defendants, Defendants were Plaintiff's only source of income;

l. During the period Plaintiff worked for Defendants, Plaintiff's work for Defendants was regular and continuous and was not sporadic; and

m. Defendants provided training to Plaintiff as to how Plaintiff was to perform her work duties for Defendants.

45. Plaintiff was not paid on a salary basis and thus fails the elements of the Administrative or Executive exemptions.

46. Plaintiff was not exempt from overtime under any white-collar exemptions to the FLSA.

47. Plaintiff should have been compensated for those hours worked in excess of forty (40) hours per week at a rate of one and half times her hourly rate, as required by the FLSA.

48. From the commencement of Plaintiff's tenure, Defendants failed to pay Plaintiff her full overtime compensation for hours worked over 40 in all workweeks as mandated under the FLSA.

49. Defendants have known that Plaintiff performed overtime work without proper compensation and Defendants chose to deny Plaintiff her full

overtime compensation for performing this work in willful disregard of her rights under the FLSA.

## COUNT I

## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

50. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully stated herein.

51. Defendants paid Plaintiff an hourly rate.

52. Plaintiff was hired by Defendants under the label of an independent contractor.

53. Despite the label of independent contractor, Plaintiff, in reality, was an employee of the Defendants in that she was economically dependent on Defendants for work.

54. Plaintiff could not set her own work schedules and come and go as she pleased with regard to the work schedules, and any time off from work required approval by Defendants.

55. Taking all the facts involved as stated above, Plaintiff failed to meet the definition of an independent contractor.

56. Plaintiff was routinely required to work more than 40 hours a week throughout the term of her work for Defendants, and likewise, Defendants knew she was working more than 40 hours during the workweeks.

57. Defendants had an obligation to compensate Plaintiff in an amount of one and one-half times the regular rate of pay for every hour worked over 40 hours in any given workweek but willfully chose not to.

58. For the first 20 overtime hours per week that Plaintiff worked, Defendants paid Plaintiff only her straight time rate and thus owe Plaintiff her overtime premium rate for these hours.

59. Plaintiff regularly worked in excess of 20 overtime hours per week for Defendants and Defendants did not compensate Plaintiff at all for these hours.

60. Defendants did not fully compensate Plaintiff for all the hours worked for Defendants in excess of forty (40) per week as required by § 207 of the FLSA, based on Defendants' misclassification of Plaintiff as an "Independent Contractor."

61. Plaintiff was a victim of a scheme and policy by Defendants to deny her overtime compensation as required by the FLSA.

62. Defendants' failure to pay Plaintiff in accordance with § 207 of the FLSA was and is, a willful disregard of the overtime wage compensation requirements of the FLSA.

63. Plaintiff has suffered economic damages as a result of Defendants' failure to pay Plaintiff her rightful overtime compensation.

64. Plaintiff seeks unpaid overtime compensation in an amount to be determined at trial, as well as an equal amount of liquidated damages (or pre-

judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays this Court grant the following relief:

a. That the Court find and declare Defendants' actions a violation of the overtime compensation provisions of the FLSA;

b. That the Court find and declare Defendants' violations of the FLSA were and are willful;

c. That the Court award to Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA § 216 and all other related economic losses;

d. That the Court award Plaintiff recovery of her reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216;

e. That the Court issue an order of judgment under 29 U.S.C. § 216 and 217, 28 U.S.C. §§ 2201 and 2202 finding that the Defendants

unlawfully and willfully violated the FLSA by failing to pay overtime wages and willfully failed to properly and accurately record all hours worked by Plaintiff; and

f. The Court hold the Defendants jointly and severally liable;

g. That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401(k) plans.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated: September 17, 2026.

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar No.: 0080349
Feldman Legal Group
12610 Race Track Road, Ste. 225
Tampa, FL 33626
Telephone: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
*Lead Attorney for Plaintiff*